### RAYMOND *vs.* BAKER and others.

In an action brought by the plaintiff as assignee of W., of a claim, the defendants pleaded a set-off against W., and the plaintiff replied by a general denial. On the trial the defendants established the set-off, and the plaintiff proved W.'s discharge in bankruptcy. When the discharge was offered, no objection was made by the defendants that it was not set up in the reply. The referee having reported in favor of the plaintiff: *Held* that it was too late, on appeal from the judgment, to object that the discharge was not set up in the pleadings. That if it had been intended to rely upon that objection, attention should have been called to it at the time, in order that the referee might have allowed an amendment.

APPEAL from a judgment for the plaintiff entered on the report of a referee.

*K. J. Holmes*, for the appellant.

*D. C. Hyde*, for the respondent.

*By the Court*, TALCOTT, J. This action was to recover damages by reason of the breach of certain contracts

for the sale and delivery of potatoes by the defendants to one David Wing. The plaintiff is the assignee of Wing, of the claim, to recover which the suit is brought. David Wing was discharged in bankruptcy in July, 1868, from all debts provable against him or his estate which existed on the 29th day of February, 1868. The dealings and contracts which are the subject of this action were had after that date, and the referee has reported as due from the defendants to the plaintiff, upon the causes of action stated in the complaint, the sum of $314.04.

The defendants in their answer, by way of set-off against the claim of the plaintiff, had set up a promissory note made by David Wing in April, 1865, payable ten days after date, and of which the defendants had been the owners before the assignment of the cause of action by David Wing to the plaintiff, and alleged the same to be unpaid. The plaintiff replied a general denial. On the trial the defendants established the note, and that they became the owners of it before the assignment of the cause of action to the plaintiff. After this the plaintiff introduced and proved David Wing's discharge in bankruptcy. And the point made on the appeal is that the discharge not having been set up in the reply, could not be proved.

When the discharge was offered in evidence, the defendant's counsel objected to its introduction, and stated the grounds of his objection as follows: "1st. It is incompetent. 2d. He is estopped by promise to pay, and generally incompetent." These were the only objections made, and neither was available; as evidence the discharge was competent, as to the subsequent promise, the referee found against it as a matter of fact. It is too late now to object that the discharge was not set up in the pleadings. If it had been intended to rely upon that objection, attention should have been called to it at the time, in order that the referee might have allowed

an amendment upon such, terms as were just. It is therefore unnecessary to consider whether the note could have been a set-off in this action ; or whether it was necessary to reply the discharge in bankruptcy.

[FOURTH DEPARTMENT, GENERAL TERM, Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]